UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE V.,<br><br>                              Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of<br>Social Security Administration,<br><br>                              Defendant. | Case No.:  25-cv-1863-BJW<br><br>**ORDER REVERSING DENIAL OF BENEFITS; REMANDING CLAIM; AND DIRECTING CLERK TO ENTER JUDGMENT** |

Plaintiff Michelle V. seeks review of the Commissioner of Social Security Administration's ("SSA") denial of her application for disability benefits. Dkt. No. 1. Currently before the Court is Plaintiff's Merits Brief, Defendant's Responsive Brief, and Plaintiff's Reply. Dkt. Nos. 12, 15-16. For the reasons outlined below, the Court **REVERSES** the SSA's denial of benefits and **REMANDS** Plaintiff's claim for further administrative proceedings consistent with this opinion.

//

//

//

//

1

## I.   BACKGROUND AND PROCEDURAL HISTORY

On March 28, 2018, Plaintiff, who was born on June 27, 1980,  filed a Title XVI application for supplemental security income. AR 570-75.[1] Plaintiff alleged she was disabled as of April 1, 2017, and stopped working because of her medical condition. AR 570. The SSA denied the application initially and on reconsideration. AR 311-14, 324-27. Plaintiff then requested an Administrative Law Judge ("ALJ") hearing. AR 328-30. On October 21, 2019, the ALJ dismissed her case after Plaintiff failed to respond to the SSA's efforts to notify her of the hearing or to appear for the hearing. AR 266-70. The Appeals Counsel denied Plaintiff's request for review of the dismissal [AR 271-73] and on April 6, 2020, Plaintiff appealed that decision to this District Court [AR 275-86; *Michelle V. v. Saul*, No. 20-cv-0062-JM-KSC, Dkt. No. 1 (S.D. Cal. Apr. 6, 2020)]. On July 15, 2020, the Court granted the parties' joint motion to remand the case for further proceedings, including an ALJ hearing. AR 290-91. The ALJ conducted the hearing on March 3, 2022. AR 176-233. The ALJ found Plaintiff not disabled. AR 127-54. The Appeals Counsel denied Plaintiff's exceptions to the ALJ's decision [AR 1-7], and this case followed [Dkt. No. 1].

## II.   THE ALJ's DECISION

The ALJ followed the Commissioner's five-step sequential evaluation process for determining whether an applicant is disabled.  20 C.F.R. § 404.1520(a) (2012).

At step one the ALJ found Plaintiff had "not engaged in substantial gainful activity since March 26, 2018." AR 133.

At step two, the ALJ found Plaintiff had the following medically determinable severe impairments: "schizoaffective disorder; posttraumatic stress disorder ('PTSD');

---

[1]  "AR" refers to the Administrative Record lodged on September 22, 2025. Dkt. No. 9. The Court's citations to the AR use the page numbers on the original document rather than the page numbers assigned by the Court's case management/electronic case filing system ("CM/ECF"). For all other documents, the Court's citations are to the page numbers affixed by CM/ECF.

25-cv-1863-BJW

methamphetamine dependence in remission; continuous and uncomplicated alcohol dependence, now in sustained remission; continuous and uncomplicated stimulant dependence, now in sustained remission; and major depressive disorder, recurrent, moderate  20 C.F.R. § 404.1520(a)." AR 133.

At step three, the ALJ concluded Plaintiff's impairments, whether considered alone or in combination, do not meet or equal any of the relevant listings in the SSA's Listing of Impairments. AR 135-38.

Before proceeding to step four, the ALJ determined Plaintiff had the residual functional capacity ("RFC") "to perform a full range of work at all exertional levels but with the following non-exertional limitations: the claimant can understand, remember and carry out simple instructions; can tolerate occasional interaction with coworkers and supervisors, but no interaction with the public; can tolerate occasional workplace changes; and can have no ready access to alcohol at the worksite." AR 139.

At step four, the ALJ concluded Plaintiff had no past relevant work. AR 144.

At step five, the ALJ accepted Vocational Expert ("VE") opinion testimony and concluded "there are jobs that exist in significant numbers in the national economy that the [Plaintiff] can perform" including a Hand Packager (DOT #920.587-018); a Housekeeper/Cleaner (DOT #323.687-014); or an Assembler of Small Parts (DOT #706.684-022). AR 145.

### III.    STANDARD OF REVIEW

The Court reviews the ALJ's decision to determine whether the ALJ applied the proper legal standards and whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (quotations omitted), *superseded by regulation on other grounds by 20 C.F.R. § 404.1502(a)*. It is "more than a mere scintilla, but less than a preponderance . . . ." *Garrison*

25-cv-1863-BJW

*v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)).

The Court "must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014) (citation modified). The Court may not impose its own reasoning to affirm the ALJ's decision. *Garrison*, 759 F.3d at 1010. "[I]f evidence exists to support more than one rational interpretation, [then the Court] must defer to the [SSA]'s decision." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) (citing *Morgan v. Comm'r of the SSA*, 169 F.3d 595, 599 (9th Cir. 1999). The Court will not reverse the ALJ's decision if any error is harmless. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (2015) ("ALJ errors in social security cases are harmless if they are inconsequential to the ultimate nondisability determination and that a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ . . . could have reached a different disability determination.") (citation modified).

## IV.   DISCUSSION

Plaintiff argues the ALJ erred when he "improperly omitted significant medical findings from [consulting examiner and Clinical Psychologist Jessica] Durr[, Ph.D.'s opinion] in assessing the [RFC]." Dkt. No. 12 at 4. Specifically, Plaintiff contends that while "the ALJ considered the medical opinion from Dr. Durr [to be] persuasive," he failed to consider "Dr. Durr opined that [Plaintiff's] 'ability to comply with job rules, such as safety and attendance was moderately limited.'" *Id.* at 4-5, citing AR 139. Defendant counters "[t]he ALJ properly translated Dr. Durr's opinion into concrete functional limitations in the RFC assessment" and, if the ALJ did err, such error was harmless. Dkt. No. 15 at 2.

### A. Background

At the SSA's request, Dr. Durr reviewed Plaintiff's treatment records and conducted a consultative psychological evaluation on June 21, 2018. AR 950-55. She noted Plaintiff was admitted to Alvarado Parkway Institute from February 22 to March 3, 2017, and her

25-cv-1863-BJW

discharge diagnosis was "bipolar disorder type I, current episode depressed, severe, without psychotic features, secondary diagnosis malingering." AR 951, citing AR 836-47.

Plaintiff's main complaint was schizophrenia; however, she also complained of bipolar symptoms, illiteracy, auditory and visual hallucinations and "hav[ing] to deal with not cutting every day." AR 951. She reported she was able to independently dress and bathe herself but could not do any other tasks of daily living, such as making simple meals, household chores, shopping, driving, using public transportation or managing her finances. AR 953.

Dr. Durr noted Plaintiff was anxious with restless body movements and a congruent affect; however, her eye contact was good. *Id.* She understood and answered questions, but her effort appeared to be poor. *Id.* Her thought process was normal. *Id.* Plaintiff reported a history of auditory and visual hallucinations, but Dr. Durr observed no evidence of either during the exam. *Id.* Plaintiff reported seeing shadows and hearing voices but could not be more specific. *Id.* She was alert and oriented in all spheres; could recall 3 of 3 objects immediately; 0 of 3 objects after five minutes; what she had for breakfast; and her date of birth. *Id.* Plaintiff could not perform serial sevens or serial threes or spell "cat," but was able to perform simple calculations. AR 954.

Dr. Durr diagnosed Plaintiff with a mood disorder, not otherwise specified; ruled out malingering; and ruled out a psychotic disorder, not otherwise specified. *Id.* She estimated Plaintiff's "overall cognitive ability is . . . in the low average to borderline range." AR 955. Dr. Durr opined Plaintiff: "would be able to understand, remember and carry out short, simplistic instructions;" had "a mild inability to understand, remember and carry out detailed instructions;" "would be able to make simplistic work-related decisions without special supervision;" was "moderately limited" in "her ability to comply with job rules, such as safety and attendance;" was "mildly limited" in her "ability to respond to changes in a routine work setting;" was "mildly limited" in her "ability to respond to work pressure in a usual work setting;" had "a mild inability to interact appropriately with supervisors,

5

25-cv-1863-BJW

co-workers and peers;" and she did not "appear to be able to manage finances on her own behalf." *Id.*

The ALJ found Dr. Durr's opinion to be "persuasive" and "consistent with her own findings . . . as well as other evidence in [Plaintiff's] medical records as a whole." AR 139. The ALJ then determined Plaintiff had the RFC "to perform a full range of work at all exertional levels but with the following non-exertional limitations: the claimant can understand, remember and carry out simple instructions; can tolerate occasional interaction with coworkers and supervisors, but no interaction with the public; can tolerate occasional workplace changes; and can have no ready access to alcohol at the worksite." *Id.*

**B. Relevant Law**

The RFC is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *1 (1996); 20 C.F.R. §§ 404.1545, 416.945 (2012). It reflects the most a claimant can do despite their limitations. SSR 96-8p, 1996 WL 374184, at *1; 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

In formulating the RFC, the ALJ must account for all the claimant's medically determinable impairments, including those that are not severe, and evaluate "all of the relevant medical and other evidence." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). If an "RFC assessment failed to include all of [the claimant's] credible limitations," the RFC – and any subsequent opinion of a vocational expert – are "incomplete." *Bagby v. Comm'r Soc. Sec.*, 606 F. App'x 888, 890 (9th Cir. 2015); *see also Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("[A]n RFC that fails to take into account a claimant's limitations is defective"); *DeLorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991) (An "expert's testimony has no evidentiary value" if not based on "all of claimant's limitations."). The Court should affirm the RFC assessment if the ALJ applied the proper legal standard and the decision is supported by substantial evidence in the record. *Bayliss*, 427 F.3d at 1217.

/ /

25-cv-1863-BJW

**C. Analysis**

Plaintiff contends that while "the ALJ considered the medical opinion from Dr. Durr [to be] persuasive," he erred by failing to incorporate her opinion that Plaintiff's "ability to comply with job rules, such as safety and attendance was moderately limited" in the RFC. Dkt. No. 12 at 4-5, citing AR 139. The ALJ determined Plaintiff had the RFC:

> [T]o perform a full range of work at all exertional levels but with the following non-exertional limitations: the claimant can understand, remember and carry out simple instructions; can tolerate occasional interaction with coworkers and supervisors, but no interaction with the public; can tolerate occasional workplace changes; and can have no ready access to alcohol at the worksite.

AR 139. Thus, on its face the RFC does not appear to reflect the full range of limitations Dr. Durr set forth.

Defendant counters, however, the ALJ implicitly accounted for "Dr. Durr's non-specific functional limitation regarding Plaintiff's ability to comply with job rules" in the RFC as "Plaintiff would be able to understand, remember, and carry out short simplistic instructions." Dkt. No. 15 at 5. Defendant relies on *Larkin v. Saul*, 819 Fed. Appx. 535 (9th Cir. 2020), *Stubbs-Danielson v. Astrue*, 539 F.3d 1169 (9th Cir. 2008), and derivative cases to argue the ALJ's RFC accounted for all Plaintiff's limitations. Both cases involve circumstances different from those presented here.

An ALJ's RFC assessment may sufficiently account for a physician's opinion regarding limitations without using the same language as the physician. *See Rounds v. Comm'r of Soc. Sec. Admin*, 807 F.3d 996, 1006 (9th Cir. 2015) (The RFC does not need to directly correspond to a specific medical opinion; rather, "the ALJ is responsible for translating and incorporating clinical findings into a succinct RFC."); *see also Stubbs-Danielson*, 539 F.3d at 1173-1174 (noting the ALJ's responsibility to weigh conflicting medical evidence and translate accepted medical opinions into "concrete restrictions"). For example, an RFC may account for a physician's opinion that the claimant suffers from moderate difficulties in concentration and persistence by restricting the claimant to simple, routine, repetitive tasks. *Hughes v. Colvin*, 599 F. App'x 765, 766 (9th Cir. 2015).

25-cv-1863-BJW

Similarly, an RFC for independent work with no more than occasional public interaction adequately accommodates a physician's opinion that the claimant is moderately limited in social functioning. *Hughes*, 599 F. App'x at 766.

In *Larkin*, 819 F. App'x at 536-37, the Ninth Circuit Court of Appeals found a medical opinion that claimant had "some limitation with keeping a regular workweek" was properly accounted for in the RFC limiting her to "perform[ing] simple, routine tasks and follow[ing] short, simple instructions" because the medical opinion *qualified* the limitation by stating claimant also "retain[ed] the ability to follow through with routine tasks with reasonable [concentration, persistence, and pace]." The record here is different; Dr. Durr opined without any qualifier that Plaintiff's "ability to comply with job rules, such as safety and attendance was moderately limited" [AR 139]. *See David S. v. Bisignano*, No. 24-CV-03193-ACE, 2026 WL 867764, at *9 (E.D. Wash. Mar. 30, 2026) (distinguishing *Larkin* because "the medical opinion qualified the limitation" and finding ALJ error where the RFC did not address "generally persuasive" medical opinions that plaintiff "may miss days of work intermittently"). Moreover, whereas in *Larkin* the claimant had "some" limitation, Dr. Durr described Plaintiff's attendance limitation as "moderate," which in the context of disability benefits applications is semantically significant. *See e.g. Macquarrie v. Comm'r of Soc. Sec.*, No. 21-CV-00072-CDB, 2023 WL 8242069, at *7 (E.D. Cal. Nov. 28, 2023) ("While moderate limitations are not *per se* disabling, they may translate into concrete work restrictions, which when considered in connection with Plaintiff's other restrictions may render the claimant disabled.").

*Stubbs-Danielson* also does not address the situation here. *See Peerzay v. Comm'r of Soc. Sec.*, No. 23-CV-0728-SCR, 2025 WL 915574, at *5 (E.D. Cal. Mar. 26, 2024) (distinguishing *Stubbs-Danielson* because it "did not address a situation where . . . an ALJ fails to address at all specific record findings that a claimant has moderate limitations in completing a workday and workweek."); *see also Warren v. Saul*, 2021 WL 259435, at *5 (C.D. Cal. Jan. 26, 2021) (distinguishing *Stubbs-Danielson* and finding ALJ failed to address medical opinion that plaintiff was moderately limited in ability to maintain regular

25-cv-1863-BJW

attendance, interact with a supervisor, or complete an eight-hour workday in RFC that plaintiff could perform simple, repetitive tasks requiring only simple work-related decisions and involving only occasional changes in a routine work setting, with unlimited contact and interaction with supervisors but otherwise only occasional interaction with coworkers). "Nor does there appear to be binding Ninth Circuit authority on this point." *Peerzay*, 2025 WL 915574, at *5.

Defendant also relies on cases where district courts found an ALJ implicitly included attendance limitations in an RFC that limited the plaintiff to simple, repetitive, and/or routine tasks. Dkt. No. 15 at 6; citing *Braceson W. v. Frank Bisignano*, No. 24-CV-01449-SK, 2025 WL 3692142, at *2 (C.D. Cal. Aug. 26, 2025) ("[W]hile the RFC may not have explicitly mentioned safety and attendance per se, the ALJ still adequately factored in those moderate limits by limiting plaintiff to 'simple, routine tasks in a low stress routine work setting with few workplace changes and simple work-related decisions.'"); *Alicia M. v. O'Malley*, No. 23-cv-1281-AJR, 2024 WL 3304519, at *8 (C.D. Cal. Mar. 8, 2024) (finding RFC including "simple, routine and repetitive tasks". . . "fairly and adequately captured the moderate limitations in . . . complying in job rules such as safety and attendance"); *Rhonda E. G. v. Saul*, No. 20-CV-1423-KES, 2021 WL 2262552, at *3 (C.D. Cal. June 3, 2021) (rejecting plaintiff's argument that medical opinion of mild or moderate limitation in attendance was not sufficiently accommodated by RFC limiting plaintiff to simple, repetitive, routine tasks).

However, "the weight of lower court authority . . . is that an ALJ errs by failing to address or adequately explain moderate limitations on attendance or competition of a workday/workweek." *Peerzay*, 2025 WL 915574, at *5. Numerous courts in this Circuit, including from this District, have found error where an ALJ credits a medical opinion stating a claimant has moderate limitations in the ability to maintain regular attendance but fails to include those limitations in the RFC or provide legally sufficient reasons for rejecting them. *See Donald J. M. v. O'Malley*, No. 22-cv-1926-MMP, 2024 WL 1342573, at *17 (S.D. Cal. Mar. 29, 2024) (finding accepted physician opinion claimant had

9

25-cv-1863-BJW

"moderate limitations in the ability to maintain regular attendance in the workplace and perform work activities on a consistent basis, and in the ability to perform work activities without special or additional supervision, [was not] adequately captured by [RFC] restriction[] to simple, routine, unskilled work with additional social functioning limitations"); *see also Jeremy S. v. O'Malley*, No. 23-cv-0184-AJB-JLB, 2024 WL 343179, at *22 (S.D. Cal. Jan. 29, 2024) (collecting case and finding RFC limiting claimant to "simple repetitive tasks" failed to address accepted medical opinion claimant had "moderate limitations in maintaining regular attendance in the workplace, performing work activities on a consistent basis, and performing work activities without special or additional supervision"); *Harrell v. Kijakazi*, No. 20-cv-0614-GSA, 2021 WL 4429416, at *7 (E.D. Cal. Sept. 24, 2021) (collecting cases and finding "[t]he weight of the more recent case law tends to refute the notion that a limitation to simple/routine tasks with limited public contact adequately accounts for other limitations in social interaction, maintaining attendance, completing a normal workday without interruptions from a psychiatric condition, and handling work related stressors"); *Macias v. Saul*, No. 19-cv-01187, 2021 WL 856423, at *5–6 (E.D. Cal. Mar. 8, 2021) (finding an ALJ's RFC limitation to "simple 1 or 2 step tasks" did not adequately account for moderate limitations in maintaining attendance, and distinguishing *Stubbs-Danielson* because the plaintiff's moderate restrictions "involve[d] limitations in maintaining attendance and completing a normal workday, not limitations in concentration, persistence or pace"); *Donna M. v. Saul*, No. 19-cv-2124-DMR, 2020 WL 6415601, at *4 (N.D. Cal. Nov. 20, 2020) (RFC "limitation to "simple, routine tasks with no public interaction" does not address other moderate limitations assessed by the physician, such as the "ability to relate to and interact with coworkers, associate with day-to-day work activity, maintain regular attendance in the workplace and perform work activities on a consistent basis, and perform work activities without special or additional supervision."); *Christopher G. v. Saul*, No. 19-cv-6150-AFM, 2020 WL 2079972, at *6 (C.D. Cal. Apr. 30, 2020) ("RFC [that claimant could] perform work involving simple, routine tasks with limited public and co-worker interaction . . .

25-cv-1863-BJW

fairly accommodates moderate limitations in the ability to maintain attention and concentration for extended periods and the ability to maintain socially appropriate behavior . . . [but] does not . . . address moderate limitations in performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances . . . [or] completing a normal workday or workweek or performing at a consistent pace without an unreasonable number and length of rest periods."); *Panziera v. Berryhill*, 2018 WL 278623, at *20 (N.D. Cal. Jan. 3, 2018) (rejecting the Commissioner's reliance on *Stubbs-Danielson* supported argument that moderate limitations in concentration, persistence, or pace are adequately captured by an RFC limiting the claimant to simple, repetitive tasks, and collecting cases for the proposition that "the Ninth Circuit and district courts in the Ninth Circuit have held that *Stubbs-Danielson* does not control in cases where the limitations relate to functional areas other than concentration, persistence, and pace, such as social functioning and attendance"); *Raymond v. Berryhill*, No. 17-cv-1112-SHK, 2018 WL 3691842, at *6 (C.D. Cal. Aug. 2, 2018) (explaining while a restriction to unskilled work "may encompass ... moderate limitations in concentration, persistence, and pace," it "does not sufficiently account for ... moderate limitations in performing routine work duties and maintaining consistent attendance in the workplace"); *Wiles v. Berryhill*, No. 16-cv-9558-GJS, 2017 WL 5186333, at *3 (C.D. Cal. Nov. 8, 2017) (finding accepted physician opinion that claimant was moderately limited in her ability to perform work activities consistently without special instructions and her ability to maintain regular attendance and complete a normal workday without interruption were not adequately accommodated by an RFC restricting her to "simple routine tasks with limited public contact") (citation modified); *Padilla v. Colvin*, No. ED CV 14-1843-PLA, 2015 WL 3849128, at *6 (C.D. Cal. June 22, 2015) (finding reversible error where ALJ afforded physician's opinion claimant had "moderate limitations in the ability to perform work activities on a consistent basis without special or additional supervision, and to complete a normal workday or work week due to her mental condition" "significant weight" but "failed to explain why he apparently rejected and did not include [it] in the RFC

25-cv-1863-BJW

determination."); *Atkinson v. Colvin*, No. EDCV 14-02337, 2015 WL 5840210, at *3 (C.D. Cal. Oct. 5, 2015) ("Although the ALJ's RFC restriction for non-complex tasks may encompass the concentration, persistence, and pace limitations . . . , the RFC does not sufficiently account for Plaintiff's moderate limitations in performing activities within a schedule, maintaining regular attendance in the workplace, or completing a normal workday and workweek without interruption.") (citation modified).

The Court agrees with the rationale in the cases outlined above. The RFC's non-exertional restriction "Plaintiff would be able to understand, remember, and carry out short simplistic instructions" does not adequately account for moderate limitations in Plaintiff's "ability to comply with job rules, such as safety and attendance." AR 139. The Court, therefore, finds the ALJ erred in not including Dr. Durr's opinion that Plaintiff's "ability to comply with job rules, such as safety and attendance was moderately limited" in the RFC or offering legally sufficient reasons for rejecting it. *See Jeremy S.*, 2024 WL 343179, at *22 ("While moderate limitations do not necessarily indicate that Plaintiff is unable to adequately perform work activity, the ALJ was required to either include these limitations in Plaintiff's RFC assessment or provide legally sufficient reasons for rejecting them.").

Moreover, the record does not support a finding that the ALJ's error is harmless. The VE testified there are no full-time competitive unskilled jobs available for an individual with Plaintiff's other limitations and who is "off-task for an average of 15 minutes for each work hour" or "making it only five or six hours through the full day and having to terminate because of impairments." AR 227-28. It is conceivable, therefore, that had Plaintiff's RFC accounted for a moderate limitation on her "ability to comply with job rules, such as safety and attendance," a reasonable ALJ would have reached a different disability determination. *See Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055-56 (9th Cir. 2006) (The reviewing court cannot consider an error harmless unless it "can confidently conclude that no reasonable ALJ, when fully crediting the [evidence], could have reached a different disability determination."); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir.

25-cv-1863-BJW

2008) (noting an error is harmless when it is "clear from the record" that the error was "inconsequential to the ultimate nondisability determination").

## V.   CONCLUSION

Based on the foregoing, the Court finds the ALJ committed reversible error by failing to incorporate Dr. Durr's assessment that Plaintiff is moderately limited in her ability to maintain attendance and perform safety-related work activities on a consistent basis, or to provide legally sufficient reasons for rejecting these limitations.

Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings consistent with this opinion. The Clerk of the Court shall enter judgment accordingly and terminate the case.

**IT IS SO ORDERED.**

Dated: June 29, 2026.

_____
Hon. Brian J. White
United States Magistrate Judge

25-cv-1863-BJW