UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE V.,[1]<br>Plaintiff,<br>v.<br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br>Defendants. | Case No.: 3:25-cv-01863-BJW<br><br>**ORDER GRANTING JOINT MOTION FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(D) AND COSTS PURSUANT TO 28 U.S.C. §§ 1920; 2412**<br><br>**[ECF No. 19]** |

Pending before the Court is the parties' Joint Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and Costs Pursuant to 28 U.S.C. §§ 1920; 2412 ("Joint Motion"). ECF No. 19. For the reasons set forth below, the Court **GRANTS** the Joint Motion.

[1] Pursuant to Civil Local Rule 7.1(e)(6)(b), "[o]pinions by the Court in [Social Security cases under 42 U.S.C. § 405(g)] will refer to any non-government parties by using only their first name and last initial."

## I. PROCEDURAL BACKGROUND

On July 22, 2025, Plaintiff Michelle V. ("Plaintiff") filed a civil Complaint pursuant to 42 U.S.C. § 405(g) against the Defendant Frank Bisignano ("Defendant" or "Commissioner"), seeking judicial review of Defendant's decision to deny Plaintiff's application for social security disability and supplemental security income benefits. ECF No. 1. The parties consented to this Court's jurisdiction on July 28, 2025. ECF No. 6. On September 22, 2025, Defendant filed the Administrative Record in lieu of an answer and the Court issued a scheduling order. ECF No. 9; *see also* ECF No. 10. Among other requirements, the scheduling order required the parties to engage in formal mandatory settlement discussions. ECF No. 10 at 2. Specifically, Plaintiff was ordered to file and serve an opening brief and simultaneously deliver a "written and detailed proposal of settlement to the Commissioner." *Id.* Defendant was ordered to file and serve a responsive brief and confer with Plaintiff's counsel regarding the proposal. *Id.* The Plaintiff then filed their opening brief, to which the Defendant filed a response. ECF No. 12; *see also* ECF No. 15. Plaintiff then filed a reply brief requesting the Court to reverse the decision of the Commissioner and remand the matter for the correction of the legal errors, arguing that the final decision of the Commissioner was based on reversible error. ECF No. 16.

On June 30, 2026, the Court concluded that the ALJ had committed reversible error, reversed the Commissioner's decision, and remanded the matter to the Social Security Administration for further administrative proceedings. ECF No. 18.

On August 25, 2026, the parties filed a joint motion seeking an order for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and Costs Pursuant to 28 U.S.C. §§ 1920; 2412 in the amount of $8,500.00. ECF No. 19.

## II. LEGAL STANDARD

Under the Equal Access to Justice Act ("EAJA"), "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). To qualify for EAJA fees, a petitioner must establish: (1) that the claimant is a "prevailing party"; (2) that the government's position was not "substantially justified"; (3) that no "special circumstances" make an award unjust; and (4) that the fee application was submitted within 30 days of final judgment and is supported by an itemized statement. 28 U.S.C. § 2412(d)(1)(A), (d)(1)(B); *see Comm'r, INS v. Jean*, 496 U.S. 154, 158 (1990).

EAJA fees are capped at $125 per hour "unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Courts in the Ninth Circuit routinely apply cost-of-living adjustments to the statutory rate using the Consumer Price Index. *See Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005).

## III. DISCUSSION

### A. Plaintiff Is the Prevailing Party

"A plaintiff who obtains a sentence four remand" under 42 U.S.C. § 405(g), even when further administrative review is ordered, "is considered a prevailing party for purposes of attorneys' fees." *Akopyan v. Barnhar*t, 296 F.3d 852, 854 (9th Cir. 2002) (citing *Schalala v. Schaefer*, 509 U.S. 292, 297–98, 301–02 (1993)).

Here, Plaintiff plainly prevailed. This Court's June 30, 2026, judgment reversed the Commissioner's decision and remanded the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The Court expressly found that the ALJ committed reversible error by failing to incorporate Dr. Durr's assessment that Plaintiff is moderately limited in her ability to maintain attendance and perform safety-related work activities on a consistent basis, or to provide legally sufficient reasons

for rejecting those limitations. Before the judgment, Plaintiff faced an adverse administrative decision; after the judgment, that decision stood reversed, and the Commissioner was required to conduct further proceedings consistent with the Court's opinion. This court-ordered relief materially altered the parties' legal relationship. *See Perez-Arellano v. Smith*, 279 F.3d 791, 794 (9th Cir. 2002) (party who obtains affirmative court-ordered relief is a prevailing party under EAJA).

The fact that the Court remanded for further proceedings rather than directing an immediate award of benefits does not defeat prevailing party status. "A plaintiff need not succeed on all claims to be a prevailing party." *Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001). Plaintiff obtained a judgment reversing the Commissioner's decision and required further administrative proceedings to address the errors the Court identified. Therefore, the Plaintiff is a prevailing party for EAJA purposes.

**B. The Government's Position Was Not Substantially Justified.**

It is the Commissioner's burden to prove that his position, both in the underlying administrative proceedings and in the subsequent litigation, was substantially justified under 28 U.S.C. § 2412(d)(1)(A). *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013).

Here, the Commissioner makes no argument that his position was substantially justified. Rather, the parties filed a joint motion requesting an award of attorney's fees under the EAJA. ECF No. 19. Accordingly, the Commissioner has not met his burden of showing that his position was substantially justified or that special circumstances make an award unjust.

**C. No Special Circumstances Make an Award Unjust.**

The EAJA provides for an award of fees to an eligible prevailing party unless the government's position was substantially justified or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). No such circumstances are apparent from the record here. Plaintiff obtained judicial review of an adverse benefits determination and secured reversal and remand based on the ALJ's failure to account for assessed limitations or provide legally sufficient reasons for rejecting them. ECF No. 18. Nothing

about that relief or the circumstances described above makes an award unjust. The special-circumstances exception therefore provides no basis to deny Plaintiff's requested fees.

**D. The Requested Fee Award Is Reasonable**

**1. The Hourly Rate is Appropriate**

Plaintiff seeks an attorney's fee award of $8,500.00 for 35.2 hours of attorney time, yielding an effective hourly rate of approximately $241.48. ECF No. 19 at 7. The Ninth Circuit recognizes cost-of-living adjustments to the EAJA's statutory hourly rate. See *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005). The requested effective rate falls below the Ninth Circuit's published, cost-of-living-adjusted maximum of $258.46 for work performed in 2025. *U.S. Court of Appeals for the Ninth Circuit, Statutory Maximum Rates,* https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ [https://perma.cc/346Z-8DFR] (last visited October 29, 2026). The requested rate is therefore reasonable when measured against that adjusted statutory ceiling.

**2. The Hours Expended Were Reasonable**

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases." *Costa v. Comm'r of SSA*, 690 F.3d 1132, 1136 (9th Cir. 2012); *see also Hensley*, 461 U.S. at 435 ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee."). Accordingly, the Court finds that 31.4 hours in attorney time, and 3.8 hours in paralegal time, is reasonable in light of Plaintiff's results in the case. ECF No. 19 at 7; *see Krebs v. Berryhill*, No. 16-cv-3096-JLS-BGS, 2018 WL 3064346, at 2 (S.D. Cal. June 21, 2018) (finding that 21.7 hours billed by plaintiff's counsel and 3.5 hours billed by a paralegal a reasonable number of hours); *Darren Jeffrey C. v. Kijakazi*, No. 3:21-cv-01012-AHG, 2022 WL 17826795, at 2 (S.D. Cal. Dec. 20, 2022) (finding 51.5 total hours requested reasonable where the court

granted the plaintiff's merits brief, reversed the decisions of the Commissioner, and remanded the matter for further proceedings).

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the parties' Joint Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and Costs Pursuant to 28 U.S.C. §§ 1920; 2412. ECF No. 19. The Court awards Plaintiff's counsel, Law Offices of Lawrence D. Rohlfing, Inc., CPC, $8,500.00 in attorney's fees.

**IT IS SO ORDERED**.

Dated: October 30, 2026

Hon. Brian J. White
United States Magistrate Judge